UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK DELLAVALLE, ADMINISTRATOR OF THE ESTATE OF DONALD TOWER, | : : : | |
| PLAINTIFF, | : : | CIVIL NO. 3:02CV1076 (GLG)(WIG) |
| v. | : : | |
| UNITED STATES OF AMERICA, | : : | |
| DEFENDANT/APPORTIONMENT PLAINTIFF, | : : : | |
| v. | : : | |
| MARK DELLAVALLE, CONSERVATOR OF THE ESTATE AND PERSON OF DONALD TOWER, | : : : : : | |
| APPORTIONMENT DEFENDANT. | : | OCTOBER 25, 2004 |

**JOINT TRIAL MEMORANDUM**

Pursuant to the Order of this Court dated July 22, 2004, the parties to the above-captioned action herewith respectfully submit their joint trial memorandum.

**1.     Trial Counsel.**

Counsel For Plaintiff: Raymond J. Rigat, Esq., Gilbride & Rigat, 23 East Main Street Clinton, CT 06413; Telephone: (860) 669-3273.

Counsel for Defendant:  Lauren M. Nash, Assistant United States Attorney, 157 Church Street, New Haven, CT 06508; Telephone (203) 821-3700; Cynthia L. Tyler, Esq., Special Assistant United States Attorney, U.S. Department of Veterans Affairs, Boston Regional

Counsel, Connecticut Area Office, 555 Willard Avenue, Newington, CT 06111; Telephone (860) 594-6312.

Apportionment Defendant: Mark DellaValle, Esq., 614 Campbell Avenue, West Haven, CT 06516; Telephone (203) 933-6001.

**2.     Jurisdiction.**

The Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 et seq. (Federal Tort Claims Act).

**3.     Jury / Non-Jury.**

Pursuant to 28 U.S.C. § 2402, this case will be tried to the Court.

**4.     Nature of the Case.**

A. - B. Joint Statement of the Case.

This is a medical malpractice action under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Plaintiff, Mark DellaValle, Administrator of the Estate of Donald Tower, is suing the government for medical malpractice which he claims occurred in connection with the decedent's treatment at the Veterans Administration Connecticut Healthcare System (VA Connecticut). Specifically, Plaintiff claims that VA treaters negligently discharged the decedent on April 20, 2001, resulting in his death. Plaintiff seeks damages for personal injury in the amount of $10 million. Defendant, United States of America, has denied all allegations of wrongdoing or negligence, and will submit evidence that the care rendered to the decedent was within the applicable standard of care.

**5.     Stipulations of Fact and Law.**

The parties stipulated to the following facts:

1.     Plaintiff is Mark DellaValle, Administrator of the Estate of Donald Tower.

2.  The decedent had a lengthy history of alcohol abuse and had, since 1996, been hospitalized more than 30 times at more than 10 hospitals and treatment facilities in Connecticut. Among those hospitalizations were several at the VA Connecticut Healthcare System.

3.  On April 20, 2001, the decedent was found dead in a cemetery located across the street from the West Haven Campus of VA Connecticut.

4.  A police investigation concluded that the decedent had purchased a 1.75 liter bottle of vodka and some Coca Cola at a local package store and then ingested sufficient amounts to cause his own death.

5.  The Connecticut Medical Examiner ruled that the manner of Mr. Tower's death was "suicide".

6.  Plaintiff filed a $10 million wrongful death claim with the VA, which was denied on June 17, 2002.

7.  On June 20, 2002, the plaintiff filed the present action.

**6.     Plaintiff's Contentions.**

The plaintiff contends that the defendant was in a special relationship with the plaintiff's decedent and on notice of the immediate danger to the plaintiff's decedent with respect to a heightened risk of suicide. The plaintiff further contends that the defendant breached its special duty of care to the plaintiff's decedent by allowing him to leave inpatient status and by failing to escort him to his criminal proceeding on April 20, 2001. The plaintiff contends that as a direct and proximate consequence of that breach the plaintiff's decedent committed suicide.

The plaintiff further claims economic damages (destruction of earning capacity; ante mortem and funeral expenses) and non-economic damages (destruction of capacity to carry on

and enjoy life's activities; conscious pain and suffering prior to death; and the death itself) pursuant to Conn. Gen Stat. Sec. 52-555.

**Defendant's Contentions.**

The defendant contends that the evidence will establish the following facts. Donald Tower had a 30-plus year history of alcohol abuse and had, since 1996, been hospitalized more than 30 times at more than 10 hospitals and treatment facilities in Connecticut. Among those hospitalizations were several at VA Connecticut. From December 2000, until his death by alcohol intoxication on April 20, 2001, the decedent was hospitalized (both voluntarily and involuntarily) at VA Connecticut, the Hospital of St. Raphael and Yale New Haven Hospital. At the time of his April 20, 2001 discharge from the VA Connecticut Psychiatric Emergency Room, the decedent had been held overnight (after having been transferred on a Physicians Emergency Certificate from the Hospital of St. Raphael) and evaluated for suicidality.

On the morning of April 20, 2001, Dr. Helen Miller, a board certified psychiatrist, and Ms. Carol Sanders, MSW, Clinical Coordinator of the Psychiatric Emergency Room, performed independent evaluations of Mr. Tower and determined that he was not at risk for suicide. After those assessments, Mr. Tower was discharged with a plan to attend a court proceeding. Within hours of his discharge, Mr. Tower was found dead in a cemetery located across the street from the VA facility. A police investigation concluded that Mr. Tower had purchased a 1.75 liter bottle of vodka and some Coca Cola (based on presence of containers found near his body) at a local package store and then ingested sufficient amounts to cause his own death. The Connecticut Medical Examiner ruled that the "manner" of Mr. Tower's death was "suicide".

Defendant's medical expert, Dr. Richard J. Frances, will testify that the medical and psychiatric records from the VA reflect valiant efforts on the part of VA doctors, nurses and

social workers to treat Mr. Tower and his multiple diagnoses. Dr. Frances will also testify that VA clinicians made efforts to treat Mr. Tower at the level of the least restrictive alternative, which is the standard of care in the community. Dr. Frances will express his professional opinion that the VA clinicians assessed Mr. Tower's level of suicidality at various points which led to his discharge from the hospital when he did not meet the criteria for holding him against his will, including on April 20, 2001. Dr. Frances' conclusion is that in spite of all of these efforts, Mr. Tower continued his non-compliant and self-destructive behavior, which on April 20, 2001, led to his death. Dr. Frances will testify as to his opinion that to a reasonable degree of medical probability, there was no breach of the standard of care by the VA, or by any of its doctors, nurses or social workers.

**8.     Legal Issues.**

  A.     Whether the decedent was assessed for suicidality prior to his being allowed to leave the VA facility, and if so, whether such assessment was within the standard of care;

  B.     Whether, if the decedent's death resulted from suicide, such suicide could have been predicted or prevented, and if so, if the failure to predict of prevent such suicide was within the standard of care;

  C.     Whether, if VA treaters breached the standard of care, such breach(es) resulted in harm to the Plaintiff's decedent; and

  D.     Whether the decedent's estate is owed damages, and if so, in what amount.

**9.     Voir Dire Questions.** As this case will be tried to the Court, this section is not applicable.

**10.**     **List of Witnesses.**

    A.     Plaintiffs' Witnesses

        1.     Mark DellaValle, Esq.
              614 Campbell Avenue
              West Haven, CT 06516

Attorney Dellavalle will testify as to the social history and mental health status of Mr. Donald Tower prior to and at the time of his tragic demise. He will further testify as to his conversations with VA personnel concerning the inpatient status of Mr. Tower, the Connecticut criminal court's directions regarding that status, and his interactions with Attorney David Kaplan (Mr. Tower's court appointed public defender).

Attorney DellaValle will further testify to his numerous conversations with VA staff who at one point informed him that the VA doctors disagreed with Mr. Tower's risk status for suicide and that "the VA does not take direction and orders from state court judges," and the fact that he (Attorney DellaValle) was not informed by the VA that Mr. Tower was allowed to leave inpatient status.

Further, Attorney DellaValle will testify as to Mr. Towers economic damages as a result of his death.

        2.     David G. Kaplan
              Former Public Defender from the State of Connecticut
              West Hartford, CT

Attorney Kaplan was Mr. Tower's court-appointed public defender. He will testify concerning the pending criminal proceedings involving Mr. Tower immediately prior to Mr. Tower's suicide. He will testify as to a joint meeting between himself, Attorney DellaValle, the VA social worker (Ms. Rogers), and the Connecticut criminal court judge. He will testify as to to Mr. Tower's fear of an impending incarceration and threats of suicide. Attorney Kaplan will further testify as to his many communications with VA personnel responsible for the care of Mr. Tower (to include his April 16, 2001 letter to social worker Rogers) indicating the criminal court's directives that Mr. Tower not be allowed to leave in-patient status while out on bond and the court's directive that it be immediately notified if Mr. Tower was allowed to leave in-patient status.

3.       Maureen Rogers, MSW
         VA Connecticut Healthcare System
         950 Campbell Avenue
         West Haven, CT 06516

Social worker Rogers will testify as to the social and medical history of Mr. Donald Tower prior to and at the time of his death. She will further testify as to VA directives and mandates with respect to the treatment and care of patients similarly situated to Mr. Tower both prior to and at the time of his unfortunate death. Also, she will testify concerning her communications with Attorney DellaValle and Attorney Kaplan and the Connecticut criminal court.

4.       Helen Miller, MD
         VA Connecticut Healthcare System
         950 Campbell Avenue
         West Haven, CT 06516

Dr. Miller was the treating psychiatrist of Mr. Tower. She will testify as to the social and medical history of Mr. Donald Tower prior to and at the time of his death. She will further testify as to VA directives and mandates with respect to the treatment and care of patients similarly situated to Mr. Tower both prior to and at the time of his unfortunate death. She will testify as to her involvement with and the treatment of Mr. Tower.

5.       Carol Sanders, MSW
         VA Connecticut Healthcare System
         950 Campbell Avenue
         West Haven, CT 06516

Social worker Sanders will testify as to the social and medical history of Mr. Donald Tower prior to and at the time of his death. She will further testify as to VA directives and mandates with respect to the treatment and care of patients similarly situated to Mr. Tower both prior to and at the time of his unfortunate death. Also, she will testify concerning the release of Mr. Tower on the morning of April 20, 2001 immediately prior to Mr. Tower's suicide.

      6.     David M. Mantell, Ph.D
            Clinical Consultants of Connecticut in New Britain
            16 Russell Street
            New Britain, CT 06052

Dr. Mantell is the plaintiff's expert witness. He will testify as to the standard of care relevant to the treatment and care of Mr. Tower prior to and at the time of his suicide. He will explain that the defendant breached their duty of care to the plaintiff's decedent, that Mr. Tower's suicide was a foreseeable event, and that the VA's actions were the proximate cause of Mr. Tower's death.

B.    Defendant's Witnesses:

    1.     Mark DellaValle, Esq.
          614 Campbell Avenue
          West Haven, CT 06516

Mr. DellaValle will testify about the duties of a conservator of estate and person. He will also testify concerning his role as conservator of the estate and person of the decedent, Donald Tower.

    2.     Maureen Rogers, MSW
          VA Connecticut Healthcare System
          950 Campbell Avenue
          West Haven, CT 06516

Ms. Rogers will testify about the care which she rendered to Mr. Tower at the VA Connecticut Healthcare System, as well as her knowledge of VA practices and policies during the time of that treatment.

    3.     Helen Miller, MD
          c/o VA Connecticut Healthcare System
          950 Campbell Avenue
          West Haven, CT 06516

Dr. Miller will testify about the care which she rendered to Mr. Tower at the VA Connecticut Healthcare System, as well as her knowledge of VA practices and policies during the time of that treatment.

    4.      Carol Sanders, MSW
          c/o VA Connecticut Healthcare System
          950 Campbell Avenue
          West Haven, CT 06516

Ms. Sanders will testify about the care which she rendered to the Plaintiff at the VA Connecticut Healthcare System, as well as her knowledge of VA practices and policies during the time of that treatment.

    5.      Richard J. Frances, M.D., F.A.C.P., F.A.P.A.
          510 East 86th Street
          Apartment 1-D
          New York, NY 10028

Dr. Frances will testify as an expert witness for the Defendant based on his training and experience as an addiction expert. He will testify regarding the applicable standards of care for treatment of patients with substance abuse disorders, the nature of this disease and the sequelae therefrom. He will offer his professional opinion that the care and treatment rendered to the decedent by VA practitioners was wholly within the applicable standards of care. Dr. Frances will testify that VA clinicians made efforts to treat Mr. Tower at the level of the least restrictive alternative, which is the standard of care in the community. He will express his professional opinion that the VA clinicians assessed Mr. Tower's level of suicidality at various points which led to his discharge from the hospital when he did not meet the criteria for holding him against his will, including on April 20, 2001. Dr. Frances' conclusion is that in spite of all of these efforts, Mr. Tower continued his non-compliant and self-destructive behavior, which on April 20, 2001, led to his death. Dr. Frances will testify as to his opinion that to a reasonable degree of medical probability, there was no breach of the standard of care by the VA, or by any of its doctors, nurses or social workers.

11. **Exhibits.**

    A.  <u>Joint Exhibits</u>

    1.      VA Connecticut Healthcare System Medical Records
          Volume I, pp. 0001-0202 (1996-1997);

2. VA Connecticut Healthcare System Medical Records Volume II, pp. 0203-0497 (1997);

3. VA Connecticut Healthcare System Medical Records Volume III, pp. 0498-0921 (1997-1998);

4. VA Connecticut Healthcare System Medical Records Volume IV, pp. 0922-1227 (2000);

5. VA Connecticut Healthcare System Medical Records Volume V, pp. 1228-1601 (2000);

6. VA Connecticut Healthcare System Medical Records Volume VI, pp. 1602-1970 (2000);

7. VA Connecticut Healthcare System Medical Records Volume VII, pp. 1971-2327 (2000) (medical orders);

8. VA Connecticut Healthcare System Medical Records Volume VIII, pp. 2328-2813 (1999-2000);

9. VA Connecticut Healthcare System Medical Records Volume IX, pp. 2814-3178 (2000-2001);

10. VA Connecticut Healthcare System Medical Records Volume X, pp. 3179-3468 (2000-2001) (laboratory studies and medical orders);

11. VA Connecticut Healthcare System Medical Records Volume XI, pp. 3469-3810 (2001);

12. VA Connecticut Police Report dated April 20, 2001;

13. City of West Haven Police Report dated April 22, 2001;

14. Autopsy and Toxicology Report of the Office of the Chief Medical Examiner dated June 5, 2001;

15. Medical records regarding Donald Tower from Bridgeport Mental Health;

16. Medical records regarding Donald Tower from Charlotte Hungerford Hospital;

17. Medical records regarding Donald Tower from Blue Hills Hospital;

18. Medical records regarding Donald Tower from Yale-New Haven Hospital;

19. Medical records regarding Donald Tower from Cedarcrest;

20. Medical records regarding Donald Tower from Lebanon Pines;

21. Medical records regarding Donald Tower from Connecticut Valley Hospital;

22. Medical records regarding Donald Tower from New Britain General Hospital;

23. Medical records regarding Donald Tower from Midstate Medical Center; and

24. Medical records regarding Donald Tower from Saint Frances Care / Elmcrest.

B. <u>Plaintiff's Exhibits</u>

1. Various documents outlining VA policies and practices

2. April 16, 2001 letter from Kaplan to Maureen Rogers

3. Appropriate mortality table

4. March 3, 2003 Report of Dr. Mantell

5. Curriculum Vitae of Dr. Mantell

6. Table 4 (Vol. 30, page 441 et seq. Conn. Gen. Stat. Annotated) "Interest Table", for purposes of present value of money calculations as to economic damages

C. <u>Defendant's Exhibits</u>

1. Excerpts from VA Connecticut Healthcare System Medical Records Volume IX, pp. 2814-3178 (2000-2001);

2. Excerpts from VA Connecticut Healthcare System Medical Records specific to Maureen Rogers, MSW (1997-2001);

3. Excerpts from VA Connecticut Healthcare System Medical Records specific to Dr. Helen Miller (2000-2001);

4. Excerpts from VA Connecticut Healthcare System Medical Records specific to Carol Sanders, MSW (1997-2001);

5. VA Laboratory Report; computer printout of blood alcohol laboratory results for Mr. Tower (1997-2001);

6. VA Connecticut Healthcare System Administrative Record (pp. 1-95);

    7.       VA Treatment Chronology and Documented Episodes of Connecticut Hospital Treatments Resulting from Alcohol or Drug Abuse from 1980 -2001 (demonstrative exhibit);

    8.       Report of Richard J. Frances, M.D., F.A.C.P., F.A.P.A. dated April 28, 2003; and

    9.       Curriculum Vitae of Dr. Richard Frances.

The parties reserve the right to use, refer to and/or introduce into evidence any exhibit used by the opposing party at the time of trial.

**12.**    **Deposition Testimony.** None.

**13.**    **Requests for Jury Instructions**.  As this case will be tried to the Court, this section is not applicable.

**14.**    **Anticipated Evidentiary Problems.**  None.

**15.**    **Proposed Findings and Conclusions.**  Not required by the Court prior to trial.  See Trial Memorandum Order dated July 22 2004, at p.2.

**16.**    **Length of Trial**.

The parties estimate that this trial will last approximately 4 days.

**17.**    **Further Proceedings.**

The parties are unaware of any further proceedings prior to trial.

**18.**    **Trial by Magistrate Judge.**

The parties have consented to a trial by a Magistrate Judge.  This case will be tried to the Honorable William I. Garfinkel, United States Magistrate Judge, beginning on November 1, 2004.

                                                Respectfully submitted,

                                                PLAINTIFF, MARK DELLAVALLE,
                                                ADMINISTRATOR OF THE ESTATE OF
                                                DONALD TOWER

DATE:                            BY:

                                              RAYMOND J. RIGAT, ESQ.
                                              GILBRIDE & RIGAT
                                              23 EAST MAIN STREET
                                              CLINTON, CT 06413
                                              Telephone: (860) 669-3273
                                              Facsimile: (860) 669-3495
                                              E-mail: raymondjrigat@sbcglobal.net

DATE:                            BY:

                                              MARK DELLAVALLE, ESQ.
                                              614 CAMPBELL AVENUE
                                              WEST HAVEN, CT 06516
                                              Telephone: (203) 933-6001

                                              DEFENDANT, UNITED STATES OF AMERICA

                                              KEVIN J. O'CONNOR
                                              UNITED STATES ATTORNEY

DATE:                            BY: LAUREN M. NASH, ct01705
                                              ASSISTANT U.S. ATTORNEY
                                              UNITED STATES ATTORNEY'S OFFICE
                                              157 CHURCH STREET, P.O. BOX 1824
                                              NEW HAVEN, CT  06510
                                              Telephone: (203) 821-3700
                                              Facsimile:  (203) 773-5373
                                              E-mail: lauren.nash@usdoj.gov


APPROVED AND SO ORDERED, dated at Bridgeport, Connecticut, on this

day of                  , 2004.

                                              HONORABLE WILLIAM I. GARFINKEL
                                              UNITED STATES MAGISTRATE JUDGE