UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ESTATE OF DONALD TOWER | : |
| V. | : CV 3:02CV1076(WIG) |
| UNITED STATES | : Magistrate Garfinkel, Presiding |
| V. | : |
| MARK DELLAVALLE | : November 2, 2004 |

**TRIAL MEMORANDUM RE
QUALIFICATION OF PLAINTIFF'S EXPERT WITNESS**

While a clinical psychologist alone may not discharge a patient from a psychiatric unit, that decision is made by a multi-disciplinary team which may consist of a psychiatrist, psychiatric nurse and social worker.

According to the "expert" testimony of Carol Sanders and Maureen Rogers, the decision to admit and/or discharge someone to/from an inpatient status is based upon whether the individual is a danger to himself, to others, or gravely disabled. A clinical psychologist is qualified to determine whether a person is/was a danger to themselves, others or gravely disabled. In the present matter, Dr. Mantell has worked as a clinician in a psychiatric facility and has been actively involved in the admission of patients to such facility.

While a psychologist in Connecticut may not hold herself out as a "medical doctor" see C.G.S.A. Sec 20-194, a psychologist may be granted hospital privileges pursuant to C.G.S.A. Sec 20-194a and can be used as part of the multi-disciplinary teams currently used by the VA in the admission and discharge of patients from psychiatric

1

ER's and hospital inpatient, lock-down units such as 8W. The testimony from Ms. Carol Sanders and Ms. Maureen Rogers were helpful in explaining that the current practice is to involve social workers, with training in psychology/psychiatry to be critically involved in the decision making process of admission and discharge.

There can be no doubt that psychologists are "health care providers" as that term is defined by statute. See C.G.S.A. Sec. 52-184b; Sec. 52-184c (a); Rumbin v. Baez, 52 Conn.App. 487, 727 A.2d 744 (1999) (holding that a CUTPA claim could not be raised against a psychologist for malpractice insofar as a psychologist is a health care provider similar to a psychiatrist). They are specially licensed, *see* C.G.S.A. 20-186 et seq., and perform similar functions to licensed psychiatrists.

The plaintiff first asserts that in the present matter Dr. Mantell is qualified as an expert witness pursuant to 52-184c (c); and 52-184c (d) (1) insofar as he is a "similar health care provider" to a psychiatrist. *See* Marshall v. Hartford Hospital, 65 Conn.App. 738, 755-758, 783 A.2d 1085 (2001)("There are many Connecticut cases that adhere to the liberalization of evidentiary rules allowing expert medical testimony in a medical malpractice action when there is a similarity of practice."); *see also* Pool v. Bell, 209 Conn. 536, 542-43, 551 A.2d 1254 (1989). "Medical specialties overlap, and it is within a court's discretion to consider that fact in exercising its discretion to deem the witness qualified to testify. It is not the artificial classification of a witness by title that governs the admissibility of testimony, but the scope of the witnesses knowledge of the particular condition." Marshall at 758.

Second, if he is not a "similar health care provider" as defined by the above statute, then he is qualified to testify under 52-184c (d) (2) because he possesses sufficient training, experience and knowledge as a result of practice or teaching in a related field of medicine, so as to be able to provide such expert testimony as to the prevailing professional standard of care in [the applicable] field of medicine." Further, Dr. Mantell's resume, or CV demonstrates that he has been actively involved in both practicing and teaching of medicine within the five year period before the incident giving rise to the claim in the instant matter.

RESPECTFULLY SUBMITTED
THE PLAINTIFF

BY: _____
Plaintiff's Attorney
Raymond J. Rigat, Esq.
Gilbride & Rigat
23 East Main Street
Clinton, CT  06413
Tel.: (860) 669-3273
Fax: (860) 669-3495
E-mail: raymondjrigat@sbcglobal.net

CERTIFICATION

I hereby certify that a copy of this foregoing Trial Memorandum Re Qualifications of Plaintiff's Expert Witness, with attached exhibits, was hand delivered this 2nd day of November, 2004, to the following:

Attorney Mark DellaValle; Attorney Cynthia Tyler; AND Attorney Lauren Nash

Raymond J. Rigat, Esq.

3